GARDNER et al. v. TOWN OF CAMERON et al.

(Supreme Court, Special Term, Steuben County. July 12, 1912.)

ᵛINJUNCTION (§ 223*)—VIOLATION—CONTEMPT.

    In a taxpayer's action, the contract of defendant company for the sale of a steam roller to a town at a rental of $10 per day, the town agreeing to use it not less than 64 days a year, was declared invalid, and defendant was permanently enjoined from collecting or receiving any money on the contract, and judgment was entered and served on it, and thereafter it presented a bill against the town for $640 for the roller for a certain year, which was paid on security by it to the town against all damage it might sustain by reason of such payment. *Held*, that the presentation and collection of the bill subjected defendant to punishment for contempt.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 448–473; Dec. Dig. § 223.*]

Action for injunction by Jerry L. Gardner and others against the Town of Cameron and the Buffalo Steam Roller Company. Motion by plaintiffs to punish defendant Buffalo Steam Roller Company for contempt for violation of a permanent injunction. Defendant adjudged to be in contempt and fined.

See, also, 74 Misc. Rep. 286, 131 N. Y. Supp. 894.

James O. Sebring, for plaintiffs.

Charles J. Deckop, for defendant Buffalo Steam Roller Co.

CLARK, J. Defendants' preliminary objections on the ground that the moving affidavits do not state facts which sufficiently show the commission of any acts constituting contempt of court, etc., are overruled, with an exception to defendant.

It appears that on or about the 4th day of February, 1911, the town of Cameron, Steuben county, acting through its town officials, the superintendent of highways and town board, entered into a contract with defendant Buffalo Steam Roller Company relative to the purchase of a steam roller by the said town. The contract provided that the company leased to the town a steam roller for $10 per day, the town agreeing to use the roller not less than 64 days in the year 1911, and for an equal number of days, at the rate of $10 per day, for subsequent years up to and including the year 1915, and, upon the town using the said roller each year not less than 64 days and paying $10 a day therefor up to and including the year 1915, the steam roller company for the consideration of $1 in addition to the so-called rental payments agreed to sell to the town the steam roller· free from all incumbrances.

This action was brought by certain taxpayers to prevent the carrying out of this contract on the ground that it was illegal. The action was tried in October, 1911, at the Equity Term of this court before the Honorable Nathaniel Foote,. justice, and he subsequently handed down a decision whereby he found that the said contract was not for the purpose of leasing the steam roller, but was for the purpose of purchasing the same, and that the intent of the parties thereto

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was to arrange for the purchase of said roller, and they adopted the form of the contract used with the intent of accomplishing the purchase of the steam roller by the town, and at the same time paying the purchase price out of the highway fund instead of exclusively from the funds of the town, as required by the town law, and that the proposition to purchase the steam roller had never been submitted to the voters at a town meeting. The court further held that no part of the purchase price for the steam roller had been paid, and that any payments under the contract would result in an unauthorized and illegal expenditure of the funds of the town and of the state.

As conclusions of law the court found that the contract under which the town undertook to purchase this steam roller was invalid, because it was designed and intended by the parties to accomplish a sale of the roller to the town of Cameron, the purchase price to be paid in amounts exceeding $500 per year, without submitting the matter to a vote at a town meeting, and to be paid out of the highway repair and improvement fund, instead of exclusively from the funds of the town as required by law. The court also found that the contract was invalid as a lease, in that it provided for the payment of rental for a fixed number of days each year, without reference to the needs of the highways of the town in that respect, and directed judgment in favor of plaintiffs, adjudging the said contract illegal and void, and directed that it be canceled, and permanently enjoined the Buffalo Steam Roller Company from collecting or receiving any sum or sums of money whatsoever upon the contract. Judgment was duly entered on the decision on the 4th day of December, 1911, and on the next day the decision and judgment were served on the Buffalo Steam Roller Company. The injunction granted by Justice Foote was substantially a continuation of a preliminary injunction which had been granted by this court at the time the action was commenced. A very few days after the judgment was entered and served on defendant Buffalo Steam Roller Company, it presented a bill against the town of Cameron for the use of the steam roller in 1911 for $640, being at the rate of $10 per day for 64 days, and that bill was subsequently paid by the town authorities, the Steam Roller Company having given security to the town to protect it from all damages it might sustain by reason of such payment.

It will be noticed that the amount of the bill presented by the Buffalo Steam Roller Company to the town, $640, which was subsequently paid, is the exact amount which, by the terms of the contract above referred to, was to be paid to the Buffalo Steam Roller Company each year. From that fact and other facts established in the moving papers the conclusion is irresistible that the presenting of this bill by the Buffalo Steam Roller Company to the town authorities and receiving pay therefor, being the exact amount provided in the adjudged illegal contract that was to be paid for the use of the roller in 1911, was an attempt to obtain by indirection a sum of money which the court had distinctly held the company was not entitled to receive. It is perfectly plain that this payment was made under this

contract. All the earmarks connected with the transaction indicate that the Buffalo Steam Roller Company by presenting this bill and receiving pay therefor was endeavoring to evade the injunction which had been granted.

The case was tried before a very painstaking and learned justice, and the court's deliberate judgment should not be rendered unavailing by indirection. When the court declared the contract to be illegal and directed that it be canceled and judgment was entered on that decision, it meant something, and, among other things, it meant that the company was not to collect any money from the town of Cameron under that contract. It proceeded to do that very thing in violation of the terms of the judgment which had been entered and served upon it.

The suggestion of counsel for defendant that no one is prejudiced is without force, for the reason that the Buffalo Steam Roller Company violated an injunction of the Supreme Court. If it had a just claim against the town of Cameron for the use of its steam roller, it could have easily gotten its pay without proceeding under the contract in direct violation of the order of the court. The company, knowing all about the terms of the judgment which had been served upon it, proceeded in violation thereof, and it is adjudged that in presenting the bill and receiving the $640 it acted in violation of the judgment of the Supreme Court, and is in contempt.

It is not shown by proof that the misconduct of defendant resulted in any direct loss or injury to the plaintiffs, therefore said defendant, for the contempt which it is adjudged to have committed, is fined $50 costs and plaintiffs' expenses to be taxed, and $250 in addition thereto, to be collected and paid over as prescribed by law.

An order may be entered and warrant issued accordingly.